UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA TISDALE, on behalf
of B.O.H.,

    Plaintiff,

v.                                         CASE No. 8:07-CV-862-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff seeks judicial review of the denial of her claim for supplemental security income payments on behalf of her young son.[*] Because the decision of the Commissioner of Social Security sets forth an incorrect standard of evaluation, the decision will be reversed, and the matter remanded for further consideration.

I.

Brandon Henderson was born on August 31, 1989, and was 14 years old at the time of the administrative hearing (Tr. 386). The plaintiff,

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

who is the child's mother, has filed a claim for supplemental security income on the child's behalf. The plaintiff currently alleges that the child is disabled due to speech problems, obsessive-compulsive tendencies, violent behavior, and learning disabilities (Tr. 70).

The claim was previously granted. However, in the course of periodic reviews, the Social Security Administration in February 2002 concluded that the child was no longer disabled (Tr. 30). Administrative review of that conclusion included a hearing before an administrative law judge.

Following the hearing, the law judge determined that there had been medical improvement in the child's condition (Tr. 16-17). He found further that the child has severe impairments of attention deficit hyperactivity disorder, asthma, oppositional conduct disorder, and borderline intellectual functioning (Tr. 22). The law judge concluded, however, that the child does not have an impairment which meets, medically equals, or functionally equals, the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (id., ¶¶ 4, 5). The law judge, therefore, determined that the child is not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. 416.924(a). The first step is to determine whether the child is actually working at substantial gainful activity. 20 C.F.R. 416.924(b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. 416.924(c). If he does not, the child is considered not disabled. Id. If there is a severe impairment, the third, and final, step in the analysis is to determine whether the child has an impairment that meets, medically equals, or functionally equals, a set of criteria in the Listing of Impairments in Appendix 1. 20 C.F.R. 416.924(d). If the child does, then he is deemed disabled. 20 C.F.R. 416.924(d)(1). If he does not, then he will be found not disabled. 20 C.F.R. 416.924(d)(2).

As with claims by adults, a determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial

evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff argues, among other things, that the law judge erred in evaluating whether the child's condition functionally equaled a listing because he incorrectly compared the child's limitations to unimpaired children of a younger age group (Doc. 21, pp. 10-15). This contention is persuasive and warrants a remand.

As indicated, if a child does not meet, or medically equal, a listing, the plaintiff can nevertheless demonstrate a disability by showing that the child functionally equals a listed impairment. 20 C.F.R. 416.926a. Functional equivalence can be established by demonstrating that the child has a marked limitation in at least two of six domains of functioning or an extreme limitation in one such domain. 20 C.F.R. 416.926a(a). A marked limitation is one that interferes seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. 416.926a(e)(2)(i). It means a limitation that is more than moderate, but less than extreme. Id. An extreme limitation, which is the rating given to the worst limitations, is one that interferes very seriously with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. 416.926a(e)(3)(i). The six domains of functioning are (1) acquiring and

using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) health and physical well-being. 20 C.F.R. 416.926a(b)(1).

The law judge concluded that the child has less than marked limitations in the domains of acquiring and using information, in attending and completing tasks, in interacting and relating with others, and in health and well being (Tr. 19-21). The law judge found no limitations in the other two domains (id.). The law judge therefore concluded that the plaintiff had failed to establish disability by showing the functional equivalence of a listing (Tr. 23).

The plaintiff challenges this conclusion on the ground that the law judge used improper legal standards in determining that the child's impairments are not the functional equivalent of a listed impairment (Doc. 21, pp. 10-15). Specifically, she contends that the law judge erred in determining the child's limitations by comparing examples of behavior of school-aged children (6-12 years of age) to the child, instead comparing examples of adolescent (12-18 years of age) behavior in each of the six domains as required by 20 C.F.R. 416.926a (id.).

In making his determination, the law judge must consider whether the child's activities are typical of other children the same age who do not have impairments. 20 C.F.R. 416.926a(b)(2). In other words, the child's activities are compared to the activities of children the child's age who do not have impairments. 20 C.F.R. 416.924a(b)(3), 416.926a(b).

Moreover, each domain includes a description of activities typical of children in different age groups. 20 C.F.R. 416.926a(f)(3). The age groups include "school-age children (age 6 to attainment of age 12)" and "adolescents (age 12 to attainment of age 18)." See, e.g., 20 C.F.R. 416.926a(g)(2)(iv), (v).

In this case, the law judge with respect to each of the six domains set forth a description that reflects the standards for ages 6 to 12, despite the fact the child was 14. Compare, e.g., Tr. 19 with 20 C.F.R. 416.926a(g)(2)(iv). Thus, from all that appears, the law judge, in finding that the child did not have marked limitations, compared the plaintiff's functioning to children of a younger age group.

The Commissioner acknowledges this error (Doc. 22, p. 3). He contends, however, that this error is harmless because the law judge correctly set forth the criteria for marked and extreme limitations (id., pp. 3-4). This

argument is unpersuasive. In determining whether the child had marked or extreme limitations, the law judge was directed to compare the child to children his age who do not have impairments. If, in making that determination, the law judge compared the child to the wrong age group, the determination would be fundamentally flawed. And that is so, even if the law judge correctly stated the definitions of marked and extreme limitations.

It may be that the law judge compared the child to the correct age group and simply set forth the wrong age standards in the decision. However, there is nothing in the decision that permits me to draw that conclusion, and the Commissioner does not even suggest such a mistake. Consequently, the decision reflects an error that warrants reversal.

In light of this conclusion, it is unnecessary to address the plaintiff's other contentions. It is appropriate to add, however, that I am unimpressed by an argument that the law judge failed to ask certain questions when those questions could have been asked by the plaintiff's attorney.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk is directed to enter judgment accordingly and to **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 7th day of September, 2008.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE