UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA TISDALE, o/b/o
B.O.H.

      Plaintiff,

v.                      CASE No. 8:07-CV-862-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## ORDER

This cause came on for consideration upon the plaintiff's Stipulation and Unopposed Amended Application and Memorandum in Support of Plaintiff's Application for Attorney's Fees and Costs Under the Equal Access to Justice Act (Doc. 28), filed by counsel for the plaintiff on October 22, 2008.[*] Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access

---

[*] Although titled a request for fees and costs, the plaintiff seeks recovery only for attorney's fees (see Doc. 28, p. 3).

The filing of this amended application renders moot the plaintiff's original Application and Memorandum in Support of Plaintiff's Application for Attorney's Fees and Costs Under the Equal Access to Justice Act (Doc. 25) and the Defendant's Motion to Dismiss Without Prejudice Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (Doc. 27).

to Justice Act ("EAJA"), the plaintiff shall be awarded $4,125.00 in fees to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of supplemental security income payments for the plaintiff's young son. This matter was reversed and remanded to the Social Security Administration by order of this court dated September 8, 2008 (Doc. 23). Judgment was therefore entered in favor of the plaintiff (Doc. 24). The plaintiff subsequently filed this application for attorney's fees under the EAJA (Doc. 28).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $4,125.00 (Doc. 28). This amount represents 25 hours of service before the court in 2007 and 2008 at an hourly rate of $165.00 by attorney Garry R. Moore (id., pp. 5-6). The plaintiff has certified that the defendant has no objection to this payment (id., p. 3).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not

suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 25 hours for services performed in this case does not appear unreasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $165.00 per hour for work performed in 2007 and 2008 (Doc. 28, p. 3). In light of the defendant's lack of objection, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted.

Finally, it is requested that the attorney's fee be paid directly to plaintiff's counsel (id., p. 3). In Reeves v. Barnhart, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a social security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff has agreed to assign the EAJA award to her counsel (Doc. 26). Furthermore, the defendant has not raised any opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance (see Doc. 28, p. 3). Therefore, by virtue of the fee assignment and the defendant's

lack of opposition, the award of attorney's fees is payable to plaintiff's counsel in this case.

For the foregoing reasons, it is **ORDERED**:

1. That the plaintiff's Stipulation and Unopposed Amended Application and Memorandum in Support of Plaintiff's Application for Attorney's Fees and Costs Under the Equal Access to Justice Act (Doc. 28) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of $4,125.00 in attorney's fees to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

2. That the Application and Memorandum in Support of Plaintiff's Application for Attorney's Fees and Costs Under the Equal Access to Justice Act (Doc. 25) and Defendant's Motion to Dismiss Without Prejudice Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (Doc. 27) be, and the same are hereby, **DENIED as MOOT**.

DONE and ORDERED at Tampa, Florida, this 27th day of October, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE